# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

HAMMEL J. CLARK                            *

Plaintiff                                  *

v                                          *            Civil Action No. RWT-09-2895

MS. K. JACOBS, et al.                      *

Defendants                                 *

                                                 ***

## MEMORANDUM OPINION

Plaintiff, an inmate currently housed at the Jessup Correctional Institution ("JCI"), claims to have suffered various constitutional violations arising out of the alleged mishandling of his legal mail by the mailrooms at the Roxbury Correctional Institution ("RCI") and Western Correctional Institution ("WCI"). Service was accepted on behalf of the only named WCI Defendant, Ms. K. Jacobs, on January 21, 2010. To date, the RCI Defendants have not been served.

Pending before the Court is Defendant Jacobs' Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, [ECF No. 21], Plaintiff's Motion for Default Judgment against the RCI Defendants [ECF No. 25], and Plaintiff's "Motion to Deny Defendants of Their Reply" [ECF No. 30].[1] Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2010).

---

[1] Plaintiff's "Motion to Deny Defendants Their Reply" [ECF No. 30] appears to be a response in opposition to Defendant Jacobs' Motions for Extension of Time to File a Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment [ECF Nos. 27 and 28]. The Court, concluding that the requests appear reasonable, granted the extensions by order dated July 13, 2010. [ECF No. 31]. Plaintiff's "Motion to Deny Defendants Their Reply" shall therefore be denied.

**Background**

Plaintiff alleges in his Complaint that his legal mail was improperly confiscated and misdirected during the litigation of a state court case concerning the Sundry Claims Board[2] and a civil rights complaint filed in this Court concerning medical care at RCI.[3] Plaintiff was incarcerated at RCI at the time these cases were instituted and claims he had to rely on the RCI mailroom to send out his legal documents because he was indigent. ECF No. 1. Plaintiff states that Defendant "Ms. L. Cole" of the RCI mailroom confiscated his legal mail and Defendant Captain Crist took no corrective action when Plaintiff informed him of this. Id. at p. 3. Plaintiff states that Case Management Supervisor, Defendant D. Gelsinger, took his legal mail from another case manager, Defendant Moats. Plaintiff claims he told Defendant Moats that he had a filing deadline and Moats approved sending the legal mail from the institution. Plaintiff alleges that Defendant Cole intercepted the legal mail pre-approved by Moats and refused to send it out. The legal mail, which Plaintiff does not describe, was allegedly returned to Plaintiff and Plaintiff consequently missed a filing deadline.

Plaintiff claims he met with Defendant Gelsinger, and explained that he was a self-represented litigant who is indigent and had to depend on the mailroom to send out his legal papers. ECF No. 1 at p. 3. Plaintiff also allegedly explained to mailroom officials that the failure to mail his legal mail was improper. Plaintiff asserts that, despite these efforts, Defendant Gelsinger would not allow his legal mail to go out. Plaintiff further alleges that the decision not

---

[2] The Maryland Sundry Claims Board compensates state inmates for injuries incidental to work assignments in prison. See Md. Code Ann., Corr. Ser. §§10-301 et seq. The Sundry Claims Board case referenced by Plaintiff appears to be In the Matter of Hammel J. Clark, Civ. No. C-07-126896 (Anne Arundel Co. Cir. Ct.).

[3] See Clark v. Maryland Department of Public Safety and Correctional Services, Civil Action No. RWT-07-19 (D. Md.)

to allow his mail to leave the institution was retaliation for suing prison and medical staff at RCI. Id.

Plaintiff was transferred from RCI to WCI on June 23, 2008, allegedly in retaliation for his litigation. Id. Plaintiff claims that his transfer, together with the interference with his legal mail, caused his Sundry Claims Board case to be "stricken" on September 24, 2008. Plaintiff claims that the delay in delivering his legal mail also "prejudiced" his previous case before this Court concerning his medical care at RCI. ECF No. 1 at p. 6.

Plaintiff also alleges that he was denied "a copy of his inmate account verification form certified from a Notary Public." ECF No. 1 at p. 5. Plaintiff claims that white inmates are permitted to walk up to case management and receive one of these forms but he was told the form would have to be mailed to him. Plaintiff contends that these forms are very important in a lot of court cases and Defendant Gelsinger's refusal to provide one to him was discriminatory. Id. Plaintiff alleges that Defendant Gelsinger told him that the only way he could send mail out of the institution was with the approval of the Security Chief despite the fact that he did not present a security threat. Plaintiff further alleges that, in an effort to quell his litigation efforts, Defendants kept each other apprised of Plaintiff's legal cases and orchestrated his transfer to a higher security prison where he was placed on lock down for two weeks.

**Plaintiff's Motion for Default Judgment**

Plaintiff seeks a default judgment against the RCI Defendants due to their failure to respond to his complaint. See ECF No. 25. Federal Rule of Civil Procedure 12(a)(1) requires that a defendant serve a responsive pleading within 21 days after being served with a summons and complaint. See Fed. R. Civ. P. 12(a)(1). Because the RCI Defendants have not yet been

served, see ECF Nos. 11 and 12, Plaintiff's motion for default judgment shall be denied and further service attempts will be made.

**Defendant Jacobs' Motion for Summary Judgment**

Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . .the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal

quotation marks omitted) (quoting <u>Drewitt v. Pratt</u>, 999 F.2d 774, 778-79 (4th Cir. 1993), and

citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986)).

Analysis

Defendant Jacobs is an employee and supervisor of the mailroom at WCI.  <u>See</u> ECF No.

21.  Defendant Jacobs argues that the Complaint should be dismissed as to her because there are

no allegations contained in the complaint implicating her in any wrongdoing with respect to

Plaintiff's legal mail.  <u>Id</u>.

It is well established that the doctrine of respondeat superior does not apply in §1983

claims. <u>See</u> <u>Love-Lane v. Martin</u>, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior

liability under § 1983); <u>see</u> <u>also</u> <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001) (no

respondeat superior liability in a <u>Bivens</u> suit). Liability of supervisory officials "is not based on

ordinary principles of respondeat superior, but rather is premised on recognition that supervisory

indifference or tacit authorization of subordinates' misconduct may be a causative factor in the

constitutional injuries they inflict on those committed to their care.'" <u>Baynard v. Malone</u>, 268

F.3d 228, 235 (4th Cir. 2001) <u>citing</u> <u>Slakan v. Porter</u>, 737 F.2d 368, 372 (4th Cir.1984).

Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had

actual or constructive knowledge that his subordinate was engaged in conduct that posed a

pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the

supervisor's response to the knowledge was so inadequate as to show deliberate indifference to

or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal

link between the supervisor's inaction and the particular constitutional injury suffered by the

plaintiff. <u>See</u> <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff's Complaint focuses almost exclusively on the alleged conduct of staff at RCI. See ECF No. 1. Defendant Jacobs is employed at WCI and Plaintiff does not claim, nor could he reasonably, that she had any knowledge or control over the alleged misconduct at RCI. Plaintiff has pointed to no action or inaction on the part of Defendant Jacobs that could have resulted in the alleged constitutional injury. Indeed, the Complaint contains no mention of Defendant Jacobs other than to name her as a defendant in the caption. Accordingly, Defendant Jacobs' Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, shall be granted.

A separate Order follows.

Date: <u>February 14, 2011</u>                    _____/s/_____
                                                 ROGER W. TITUS
                                                 UNITED STATES DISTRICT JUDGE